RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
JAE (EDDIE) K. KIM, State Bar No. 236805
jkk@mccunewright.com
**McCuneWright LLP**
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

MITCHELL M. BREIT (*pro hac vice*)
mbreit@hanlyconroy.com
ANDREA BIERSTEIN*
abierstein@hanlyconroy.com
JAYNE CONROY*
jconroy@hanlyconroy.com
**HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES LLP**
112 Madison Avenue
New York, New York 10016-7416
Telephone: (212) 784-6400
Facsimile: (212) 213-5949

DEREK Y. BRANDT (*pro hac vice*)
dbrandt@simmonsfirm.com
ANNA M. KOHUT (*pro hac vice*)
akohut@simmonsfirm.com
**SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC**
One Court Street
Alton, Illinois 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251

   *Applications *Pro Hac Vice* to be
   Submitted

Attorneys for Plaintiffs, Charles P. Haggarty,
Gina M. Haggarty and all other similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES P. HAGGARTY and GINA M. HAGGARTY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A.<br><br>    Defendant. | Case No.: 3:10-cv-02416-CRB<br><br>[Assigned to the Hon. Charles R. Breyer]<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER CONCERNING CHANGES TO THE TRIAL DATE, MOTION DATE, DISCOVERY DEADLINES AND BRIEFING SCHEDULES** |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Pursuant to Civil L. R. 7-12, Plaintiffs CHARLES P. HAGGARTY and GINA M.

2   HAGGARTY, and Defendant WELLS FARGO BANK, N.A., having met and conferred through

3   their counsel of record, submit this Joint Stipulation and Proposed Order concerning changes to

4   the trial date, the briefing and hearing dates for the Motion for Class Certification, the hearing

5   date for the Motion for Judgment on the Pleadings, and Discovery Deadlines.

6   **Background**

7   Trial in this matter is currently scheduled for October 1, 2012.  On June 8, 2012 (filed

8   early June 9, 2012), the parties agreed to and submitted a stipulated schedule contemplating (a)

9   that Plaintiffs would file their motion for class certification on June 22, 2012 (with hearing on

10  August 3, 2012); (b) that fact discovery cutoff and initial expert disclosures would be due on

11  August 3, 2012; and (c) that Defendant would file its motion for summary judgment on August

12  3, 2012 (with hearing on September 14, 2012).  [*See* Doc. 79]  On June 12, 2012 the Court So-

13  Ordered the joint stipulation.  [*See* Doc. 80, entered June 14, 2012]  Hearing on Defendant's

14  Motion for Judgment on the Pleadings [Doc. 69] had previously been scheduled for June 22,

15  2012.

16  Plaintiffs believe that, in light of intervening events, and for the reasons discussed below,

17  the trial date should be continued to provide adequate time to provide notice to the class before

18  the beginning of trial in the event the Court certifies the class.  Plaintiffs also believe that the

19  briefing schedule for the class certification motion should be continued for three weeks to allow

20  Plaintiffs to complete certain discovery that could not be accomplished within the current

21  schedule and to allow all parties to evaluate and address the impact on class certification of

22  certain documents identified and produced by Wells Fargo for the first time after Plaintiffs filed

23  their motion for class certification.  This joint stipulation and proposal would allow Plaintiffs to

24  withdraw the motion for class certification filed on June 22, 2012, and to refile the motion on

25  July 13, 2012.  Plaintiffs contend that as a result of the difficulties completing certain discovery,

26  discovery deadlines should be extended to allow them time to finalize discovery before expert

27  reports are due.  Defendant does not agree with Plaintiffs' contentions regarding discovery

28

CASE NO. 3:10-CV-02416-CRB

STIPULATION & [PROPOSED] ORDER

1    difficulties or the cause of such difficulties, but supports the requested continuances.

2            The parties also request that the hearing on the Motion for Judgment on the Pleadings and

3    Motion for Class Certification be continued to accommodate scheduling conflicts for counsel

4    responsible for arguing those motions.

5            The parties are prepared and would request a short status conference if the Court has any

6    questions or concerns about this request.

7    **Trial Date – Requested Continuance of Two Months.**

8            On June 18, 2012, the Court rescheduled the hearing on Defendant's Motion for

9    Judgment on the Pleadings from June 22, 2012 to August 3, 2012.  At the same time, the Court

10   also rescheduled the hearing date for Plaintiffs' Motion for Class Certification from August 3,

11   2012 to August 24, 2012.  Trial is presently set for October 1, 2012.  Plaintiffs are concerned that

12   if the Court certifies the class on or after the August 24 hearing date, this will not leave sufficient

13   time for class notice before the beginning of trial.  Even assuming that the Court certified the

14   class from the bench at the hearing and signed the proposed order submitted by Plaintiffs without

15   any changes, Plaintiffs do not believe that this would allow sufficient time for the parties to

16   prepare and obtain Court approval, print the class notice, provide the class with adequate time to

17   opt-out of the class, and tally and present the opt-out information to the experts and Court before

     the beginning of trial.

18           As discussed in the following section, Plaintiffs believe that continuing the trial would

19   also allow time in the schedule to complete discovery that otherwise is likely to be incomplete

20   for the class certification motion and expert reports.  Plaintiffs contend that a continuance of the

21   trial date for two months, to December 3, 2012, would allow the parties to complete discovery

22   and submit full information to the Court for Plaintiffs' class certification motion and Defendant's

23   motion for summary judgment.  Plaintiffs contend it would also obviate the need for

24   supplemental expert reports otherwise likely necessary due to the state of discovery, as discussed

25   below.

26           Defendant does not necessarily agree with each of Plaintiffs' contentions set forth above,

27   but supports the requested continuance.

28

CASE NO. 3:10-CV-02416-CRB

STIPULATION & [PROPOSED] ORDER

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**Class Certification Briefing Schedule and Discovery Schedule**

As contemplated in the joint stipulation and scheduling order entered on the docket on June 14, Plaintiffs filed their motion for class certification on June 22, 2012.  However, due to the state of written discovery and in light of certain documents identified and produced by Wells Fargo after the filing of that motion, Plaintiffs contend that they have not had an opportunity to conduct or complete reasonable discovery prior to the filing of the motion.  Specifically, Plaintiffs contend that they have not had an opportunity to either complete document review or take 30(b)(6) depositions before the class certification filing date, and that the documents produced by Wells Fargo on June 26, 2012 have potential impact on the class certification issues in the case.

Plaintiffs believe the history of the parties' efforts to complete discovery in a timely way is important.  On January 31, 2012, Plaintiffs propounded a significant request for production of documents.  The parties engaged in significant meet and confer that resulted in an agreed protective order, but a disagreement regarding the timing of the production.  Plaintiffs filed a motion to compel on May 3, 2012 complaining that documents had not yet been produced.  Defendants responded that they had committed tremendous resources to the project, but that, among other issues, Plaintiffs had an unrealistic expectation of how long the process would take to produce the large amount of documents requested from Wells Fargo.

The discovery dispute was referred to Magistrate Judge Jacqueline Scott Corley who conducted a conference call with the parties on May 10, 2012.  In that conference call with Judge Corley, the parties agreed to meet and confer regarding a production schedule.  During the following meet and confer sessions, Defendant indicated it would provide weekly rolling productions with Defendant's final production date being estimated as June 8, 2012.  Wells Fargo did produce documents on a rolling production, starting on May 3, 2012.  Wells Fargo has produced approximately 535,000 pages of non-privileged documents in the litigation to date.  Of this, more than 92% (over 493,000 pages) was produced on June 5, 6, 7 and 8, 2012.  An additional approximate 11,500 pages were produced on June 19 and 22, 2012.  Defendant notes that the bulk of these pages were produced by the day Defendant indicated it would complete its production, and contends that the June 19 and 22 productions consisted of a small number of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    documents that had initially been flagged as privileged and some additional servicing notes (2%

2    of pages produced). Defendant further contends that its conduct in discovery was reasonable

3    and appropriate at all times, particularly given the breadth of Plaintiffs' requests.

4       Plaintiffs do not assert in this stipulation that the timing and size of the production reflects

5    anything other than the challenges associated with the size of production. However, Plaintiffs

6    contend that the speed of the process has not allowed Plaintiffs to perform and complete

7    necessary discovery before the filing date for the class certification motion. Plaintiffs have felt

8    the document production needed to be complete before they could take 30(b)(6) depositions.

9    Those depositions were commenced on June 28, 2012. Under the existing schedule, Plaintiffs

10    were required to file their motion for class certification prior to the scheduled 30(b)(6)

11    depositions and therefore were not able to use 30(b)(6) testimony in support of their motion for

12    class certification (filed on June 22, 2012); under the proposal presented herein, Plaintiffs would

13    be allowed to withdraw their June 22, 2012 filing and would have the opportunity to use such

    evidence in a new filing.

14       In addition, on June 26, 2012, Wells Fargo identified and produced for the first time two

15    additional "versions" of the ARM mortgage Notes at issue in this litigation. In the motion for

16    class certification filed on June 22, Plaintiffs sought certification of a class of borrowers whose

17    mortgages are (or were as of a specific date) on any of six particular Note "versions," exemplars

18    of which Wells Fargo previously produced. Wells Fargo takes the position in this litigation that

19    different Note versions contain varying language and cannot be treated as the same for class

20    certification purposes. With the introduction, after the filing of Plaintiffs' motion, of two new

21    Note "versions," Plaintiffs contend they should be afforded a reasonable opportunity to assess

22    whether they wish to seek certification of a class which also includes borrowers whose Notes

23    were on those forms. Wells Fargo has not yet issued updated discovery responses sufficient in

24    Plaintiffs' view to provide Plaintiffs with data reflecting the number loans outstanding on such

25    Note "versions," the outstanding principal balance on such loans, and the like. Under the

26    proposal herein, Plaintiffs would be allowed to withdraw without prejudice their motion for class

27    certification as filed on June 22, 2012, and file a new motion for class certification on July 13,

    2012. Other adjustments to the briefing schedule are as noted below. Again, Wells Fargo

28

CASE NO. 3:10-CV-02416-CRB

STIPULATION & [PROPOSED] ORDER

contends that its conduct has been reasonable at all times and further asserts that the two notes produced after filing of Plaintiffs' class certification motion were difficult to locate and made up a tiny fraction of its total production.

Finally, Plaintiffs also contend that under the existing schedule, the document production issues described above will hinder their ability to complete expert disclosures by the present due date of August 3, 2012; under the proposal presented herein, the document production issues should not present an insurmountable hurdle to timely completion of Plaintiffs' expert disclosures.

**Hearing Dates for Motion for Judgment on the Pleadings and Motion for Class Certification**

When the Court rescheduled the hearing date of the Motion for Judgment on the Pleadings from June 22, 2012 to August 3, 2012, it created a scheduling conflict for Defendant's counsel, Mark Flewelling, who is arguing the motion. Defendant requests, and Plaintiffs do not oppose, that the hearing on the motion for judgment on the pleadings be continued from August 3, 2012 to August 10, 2012.

When the Court continued the hearing date on the Motion for Class Certification from August 3, 2012 to August 24, 2012, it created a scheduling conflict for Plaintiffs' counsel, Andrea Bierstein, who is arguing the motion. Plaintiffs request, and Defendant does not oppose, that the hearing on the motion for class certification be continued from August 24, 2012 to August 31, 2012.

**Parties Proposed Scheduling Changes**

The Parties jointly agree to the requested scheduling change. Accordingly, the Parties do stipulate and propose the following changes to the current schedule of trial date, hearing for the motion for judgment on the pleadings, hearing for the motion for class certification, the pre-trial conference hearing, class certification briefing and discovery schedule:

|  | **Present Date** | **Proposed Date** |
|---|---|---|
| 1. Trial Date | October 1, 2012 | December 3, 2012 |
| 2. Pre-Trial Conference | September 27, 2012 | November ▓, 2012 |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

| | | | |
|---|---|---|---|
| 3. | Hearing on the Motion for Judgment on the Pleadings | August 3, 2012 | August 10, 2012 |
| 4. | Class Certification | | |
| | a.  Hearing | August 24, 2012 | August 31, 2012 |
| | b.  Plaintiffs' Motion (June 22 Filing to be Withdrawn) | June 22, 2012 | July 13, 2012 |
| | c.  Defendant's Opposition | July 11, 2012 | August 1, 2012 |
| | d.  Plaintiffs' Reply | July 20, 2012 | August 10, 2012 |
| 5. | Fact Discovery Cutoff: | August 3, 2012 | August 22, 2012, |
| 6. | Initial Expert Disclosures: At the time of disclosure, the disclosing party will provide 3 dates between Aug. 31-Sept. 14 2012 that the disclosed expert is available for deposition. | August 3, 2012 | August 31, 2012 |
| 7. | Rebuttal Expert Disclosures: At the time of disclosure, the disclosing party will provide 3 dates between September 14-28, 2012 that the disclosed expert is available for deposition. | August 17, 2012 | September 14, 2012 |
| 8. | Expert Discovery Cutoff: | August 31, 2012 | September 28, 2012 |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  June 29, 2012

Respectfully submitted

McCUNE WRIGHT, LLP

By:  _/s/ Richard D. McCune_
     Richard D. McCune
Attorney for Plaintiffs
Charles P. Haggarty and Gina M. Haggarty


Dated:  June 29, 2012

REED SMITH, LLP


By:  _/s/ Jack R. Nelson_
     Jack R. Nelson
Attorneys for Defendant Wells Fargo Bank, N.A.

1   **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

2

3   DATE:  __July 3, 2012_____

4                                                    _____



5   Honorable Charles R. Breyer

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:10-CV-02416-CRB

STIPULATION & [PROPOSED] ORDER