1
2
3
4
5
6
7      IN THE UNITED STATES DISTRICT COURT
8      FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11

United States District Court
Northern District of California

| | |
|---|---|
| CHARLES P. HAGGARTY and GINA M. HAGGARTY, on behalf of themselves and all others similarly situated, | Case No.: 10-2416 CRB (JSC) |
| | **ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER RE: FRANKLIN CODEL AND ALLOWING DEFENDANT TO DEPOSE JAMES HAGGARTY** (Dkt. Nos. 103, 109) |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

Now pending before the Court are Defendant's motion for a protective order to prevent Plaintiffs from deposing Franklin Codel, executive vice president and CFO of national consumer lending for Defendant, and a joint letter from the parties regarding the deposition of James Haggarty ("James"), the brother of Plaintiff Charles Haggarty. (Dkt. Nos. 103, 109.) Plaintiffs wish to depose Mr. Codel about the COFI index. Defendant seeks to depose James about a conversation regarding Plaintiffs' COFI note that Plaintiff cannot fully recall. After reviewing the pleadings submitted by the parties, and with the benefit of oral argument on August 24,

2012, the Court shall allow Plaintiffs to depose Mr. Codel and Defendant to depose James as outlined below.

DISCUSSION

Federal Rule of Civil Procedure 26 "states that, in general, any matter relevant to a claim or defense is discoverable." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Under Federal Rule of Civil Procedure 26(c)(1),"[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking the protective order must show that "harm or prejudice . . . will result from the discovery." *Rivera*, 364 F.3d at 1063. This burden is not met by "relying on conclusory statements;" instead, the party must articulate "a particular and specific need for a protective order." *Koh v. S.C. Johnson & Son, Inc.*, 2011 WL 940227 *2 (N.D. Cal. Feb. 18, 2011). Even when good cause for a protective order is demonstrated, "a court should balance the interests in allowing discovery against the relative burdens that would be imposed." *Id.* "Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition." *In re Google Litigation*, 2011 WL 4985279 *2 (N.D. Cal. Oct. 19, 2011).

### A.   Franklin Codel

Plaintiffs seek to depose Mr. Codel regarding his knowledge and decision-making (or lack thereof) regarding the COFI index. In particular, Plaintiffs contend that Defendant's document production and privilege log demonstrate that Mr. Codel "was actively involved in the review and monitoring of the COFI index," and as a result should have testimony regarding Defendant's "knowledge of the impact on COFI when it decided to withdraw Wachovia from the 11th district" and "the impact on COFI" due to the withdrawal. (Dkt. No. 100 at 6.) Defendant claims that Mr. Codel is an "apex employee" and thus should not be deposed. (Dkt. No. 100 at 5.)

When a party seeks to depose "a high-level executive (a so-called 'apex' deposition)," the court can limit the discovery after considering "(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *In re Google*

*Litigation*, 2011 WL 4985279 at *2. A proposed deponent's status as "a busy, high-ranking executive" is not itself sufficient to justify a protective order. *Hardin v. Wal-Mart Stores, Inc.*, 2011 WL 6758857 *2 (E.D. Cal. Dec. 22, 2011).

The Court finds that an order precluding the deposition of Mr. Codel is not warranted here. First, Mr. Codel has potentially unique relevant knowledge. Defendant does not deny that Mr. Codel was actively involved in monitoring the COFI index and was involved in COFI discussions around the time it increased 66 percent; instead, it relies on the testimony of other lower-level employees to the effect that Mr. Codel had "broad responsibilities." Significantly, one of these employees actually testified that he does not know what Mr. Codel was responsible for. (Dkt. No. 103-1, Ex. B at 24:4-5.)

Defendant's reliance on a protective order in this case issued by the Western District of Texas demonstrates why such an order is not warranted here. The court issued the protective order because the proposed deponent, William Stipek, provided "a sworn declaration, subject to the penalties of perjury," that "he has no connection to the issue or information about the issue of Cost of Funds Index (COFI)." (Dkt. No. 108, Ex. A.) Here, in contrast, Defendant does not provide a declaration from Mr. Codel at all, let alone a declaration that he does not have any information about the topics about which Plaintiffs seek to depose him. (Dkt. No. 107 at 4.) Instead, Defendant attaches correspondence between the parties regarding Mr. Codel's deposition and excerpts of deposition testimony from other witnesses, some who do not believe that Mr. Codel would have information on COFI. Since other people cannot testify about what Mr. Codel knows, these materials do not justify shielding Mr. Codel from a deposition.

Second, Plaintiffs have exhausted other less intrusive means to obtain the sought-after information. They have deposed the three lower-level employees Defendant identified as having identical information as Mr. Codel (Dkt. No. 100 at 4 ) and have persuaded the Court that these deponents did not definitively answer Plaintiffs' questions as to the COFI, including the issue as to higher-level decisions (or non-decisions) regarding the COFI index.

Finally, Defendant has not established any "harm or prejudice" that would result from Mr. Codel's deposition, other than inconvenience. *Rivera*, 364 F.3d at 1063. Plaintiffs are willing to

1  minimize this inconvenience by deposing Mr. Codel in Des Moines, Iowa, where he resides. In

2  addition, Plaintiffs assert that the deposition would only last "two to three hours." (Dkt. No.

3  107 at 5.)

4      Accordingly, the Court finds that Plaintiffs have a good faith basis for seeking Mr. Codel's

5  deposition and that he will not suffer "any annoyance, embarrassment, oppression, or undue

6  burden or expense" by being deposed for a couple of hours in his hometown. Defendant's

7  motion for a protective order is therefore DENIED. Mr. Codel's deposition, however, shall take

8  place in Des Moines, Iowa (unless Mr. Codel agrees otherwise) and shall not exceed two hours.

9  Defendant shall provide Plaintiffs with available dates for Mr. Codel's deposition during the

10  month of September.

11      **B.  Mr. Haggarty**

12      Defendant seeks to depose James, the brother of Plaintiff Charles Haggarty, regarding

13  communications he had or may have had with Plaintiffs. James has been hired by Plaintiffs as a

14  litigation consultant in this action. Defendant represents that prior to Plaintiffs' retention of

15  James as a litigation consultant, James had a conversation with Plaintiff Charles Haggarty about

16  "why the COFI increased in the key time frame" involved in this case. (Dkt. No. 109 at 3.) Since

17  Charles testified in his deposition that he "could not recall the exact details of his conversations

18  with James Haggarty," Defendant maintains that it is "entitled [to] James Haggarty's

19  recollection as to these pre-retention conversations." (*Id.* at 3.) Defendant also seeks "any pre-

20  retention [as a litigation consultant] materials and documents that informed James Haggarty's

21  understanding, which he shared with Plaintiff in those conversations." (*Id.* at 3.)

22      Plaintiffs respond that they will provide a declaration from Mr. Haggarty on these

23  issues but that his deposition would violate "the work-product privilege" and "will not likely

24  lead to the discovery of admissible evidence" such that "the burden far outweighs the benefit

25  of the deposition." (*Id.* at 3.) Since Defendant limits the scope of this deposition to Mr.

26  Haggarty's role as "a percipient witness . . . before [he] was retained as a consultant by

27  Plaintiffs," no information protected as work product is implicated. (*Id.* at 3.) Further, Plaintiffs

28  do not deny that Defendant has a good-faith basis to believe that a conversation about a COFI

United States District Court
Northern District of California

4

1  issue relevant to this case took place between Plaintiff Charles and James. Since James "has

2  already attended 2 nearly all-day depositions" as Plaintiffs' consultant (Dkt. No. 109 at 9), it

3  would not be overly burdensome for James himself to be deposed. The Court will therefore

4  permit this deposition, limited in scope to the pre-retention communications between James

5  and Plaintiffs regarding COFI and not to exceed one hour.

6          The Court disagrees, however, that James should be required to produce any "materials

7  and documents" that "informed" his understanding of COFI. Federal Rule of Civil Procedure

8  45(a) provides that a non-party may be subpoenaed "to produce documents, electronically

9  stored information, or tangible things," but these requests are still subject to relevancy

10 requirements outlined in Federal Rule of Civil Procedure 26. Namely, such content must be

11 "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). While the content of the

12 conversation between Plaintiff Charles and James regarding COFI may be relevant, information

13 accessed by a non-party prior to engaging in a conversation about a relevant topic is not

14 relevant. What one reads about a topic and what one conveys to other people about that topic

15 are often completely unrelated. Thus, Defendant's request to subpoena these documents and

16 materials from James is DENIED. However, as discussed at oral argument, if James did in fact

17 share such documents with Plaintiffs, he shall bring them to his deposition.

                                       CONCLUSION

19         Defendant's motion to preclude the deposition of Franklin Codel is DENIED. Plaintiffs

20 are permitted to depose Mr. Codel in Des Moines, Iowa (unless Mr. Codel agrees to a different

21 location) for up to two hours. Defendant shall provide Plaintiffs with available dates for Mr.

22 Codel's deposition in September.

23         Plaintiffs' motion to preclude the deposition of James Haggarty is DENIED. Defendant is

24 allowed to depose James for up to one hour regarding communications he may have had with

25 Plaintiffs regarding COFI prior to his retention as Plaintiffs' litigation consultant. James shall

26 also produce to Defendant COFI documents, if any, that he shared with Plaintiffs prior to his

27 retention as a litigation consultant.

28         This Order disposes of Docket Nos. 103 and 109.

1    **IT IS SO ORDERED.**

2

3    Dated:  August 24, 2012

4                                                    JACQUELINE SCOTT CORLEY
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California