IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES P. HAGGARTY and GINA M. HAGGARTY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.: 10-2416 CRB (JSC)<br><br>**ORDER RE: DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES (Dkt. No. 126)** |

The Court is in receipt of a joint letter from the parties regarding Defendant's motion to compel 1) financial information about Plaintiffs and their properties and 2) documents and communications Plaintiffs provided to borrowers about COFI in Plaintiffs' capacity as loan brokers. (Dkt. No. 126.) After carefully reviewing the submissions by the parties, the Court concludes that oral argument is unnecessary, see Civ. L.R. 7-1(b), and DENIES in part and GRANTS in part Defendant's motion to compel.

## DISCUSSION

Federal Rule of Civil Procedure 26 "states that, in general, any matter relevant to a claim or defense is discoverable." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). Parties may obtain discovery that is admissible or "reasonably calculated to lead to the discovery of

1  admissible evidence." Fed. R. Civ. P. 26(b)(1). Nonetheless, discovery may not "be used as a
2  fishing expedition." *Karol v. Med-Trans*, 2012 WL 2339333 *2 (E.D. Cal. June 19, 2012). When
3  "the responding party objects to a discovery request, the party moving to compel bears the
4  burden of demonstrating why the objections are not justified" and "why the information sought
5  is relevant." *Fields v. Banuelos*, 2012 WL 2888734 *2 (E.D. Cal. July 13, 2012).

### A. Financial Information

Defendant seeks "[14] documents provided to other financial institutions regarding the [Plaintiffs'] Properties; [17] documents regarding non-Wells Fargo loans on the Properties; [16] documents reflecting Plaintiffs' household income since 2002; and [13] any other documents regarding mitigation of damages." (Dkt. No. 126 at 5.)  With respect to Request No. 13, Plaintiffs have confirmed that they have no additional documents relating to mitigation. (*Id.* at 6.)  As to Request No. 17, they have likewise confirmed that they have never had any non-Wells Fargo loans on the Properties; thus, there are no documents to compel. (*Id.*)

Plaintiffs object to Request Nos. 14 and 16 on the ground that Defendant "fails completely to articulate how Plaintiffs' personal financial situation might bear on the question of whether or not Wells breached the contracts." (Dkt. No. 126 at 4.) Defendant counters that "[d]ocuments regarding Plaintiffs' creditworthiness, income, and ability to refinance plainly are relevant to damages and mitigation of damage," and "[t]his information is also relevant to assessing Plaintiffs' adequacy and typicality as class representatives, as well as to superiority and predominance issues, as other borrows' circumstances likely differ from Plaintiffs' in material respects." (Dkt. No. 126 at 5.)

Defendant's ipse dixit assertion of relevance is insufficient to meet its burden.  It does not explain how Plaintiffs' household income for the past 10 years or documents provided to other financial institutions regarding the Properties would have any bearing on the merits of this lawsuit or on class certification issues. Why would it matter if Plaintiffs' financial situation is different from other putative class members? How would Plaintiffs' creditworthiness in 2002 bear on the damages Plaintiffs seek? Defendant does not explain.

As Defendant does not cite any cases or plausible theories to support its conclusory assertion of relevance, and none is apparent to the Court, this request for production of documents is DENIED.

### B. COFI Documents and Communications

Defendant also seeks "[124] documents about the COFI that Plaintiffs, as loan brokers, gave to their borrowers; [125] documents about the substitution of the COFI that Plaintiffs gave their borrowers; [131] communications with their borrowers about the COFI; and, [132] communications with their borrowers about the substitution of the COFI." (Dkt. No. 126 at 7-8.) Plaintiffs refused to comply with these requests on the grounds that "the requests are overly broad, unduly burdensome and designed to harass and that they seek documents not relevant to any claim or defense in this lawsuit." (Dkt. No. 126 at 8.) Defendant maintains "these requests seek documents that cut to the heart Plaintiffs' case: the Index that Plaintiffs contend was 'substantially recalculated' and the alleged failure to substitute an alternative index," and "Plaintiffs' special access, in their capacity as loan brokers, to documents regarding the COFI may also render them atypical or inadequate class representatives." (Dkt. No. 126 at 3.)

The requested documents may have some limited relevance; that is, those documents Plaintiffs provided to their customers around the time they entered into the loan at issue here through November 2009 may have some bearing on Plaintiffs' understanding of COFI and their own loan. Plaintiffs do not explain why it would be overly burdensome to review their files from the relevant time period to search for any documents they may have provided their clients regarding COFI, especially since "Charley Haggarty specifically testified that he did not recall having any written materials that he provided to clients in 2007 relating to the differences between the index choices." (Dkt. No. 126 at 9.)  Mr. Haggarty should confirm his recollection: either Plaintiffs did or did not provide their clients with documents that discuss COFI. If they did, they must produce them.

Defendant's requests, however, are overbroad to the extent they seek "communications," that is, "conversations, meetings, discussions, and telephone calls." It is one thing to search files for informational documents discussing COFI; it is another to search for notes of meetings or

3

calls, or records of calls, or whatever else it is that Defendant seeks with these requests. The burden imposed by the request is simply disproportionate to the likelihood of discovering any relevant documents. See Fed. R. Civ. P. 26(b)(2)(C)(iii) (noting that when determining the appropriateness of discovery requests, courts must consider whether the burden and expense of discovery outweighs the benefit). The motion to compel Request Nos. 131 and 132 is therefore DENIED.

### C. Reserved Hour of Mr. Haggarty's Deposition

Defendant notes that one hour of time was reserved at Mr. Haggarty's deposition "to inquire about the aforementioned documents," which Plaintiffs now refuse to honor without a court order. (Dkt. No. 126 at 4.) Defendant requests that Mr. Haggarty appear for a deposition "limited in scope to the documents produced." (Dkt. No. 126 at 5.) It is not clear whether Defendant wishes to depose Mr. Haggarty about documents that have now been produced but which had not been produced at the time of the deposition, or whether Defendant instead intends to depose Mr. Haggarty about the documents it seeks in the instant motion. If the hour of reserved deposition time would concern documents produced by Plaintiffs since Mr. Haggarty's deposition, including in response to this Order, if any, the Court ORDERS Mr. Haggarty to attend. Otherwise, the motion is denied.

### CONCLUSION

Defendant's motion to compel is GRANTED in part and DENIED in part as set forth in this Order.  On or before September 10, 2012, Plaintiffs shall advise Defendant as to the result of their search for documents discussing COFI which they provided to any of their clients during the relevant time period. (Request Nos. 124, 125.) Plaintiffs are not required to produce the actual loan documents themselves; rather, relevant documents would be documents which explain how COFI works or otherwise substantively discuss COFI.

This Order disposes of Docket No. 126.

**IT IS SO ORDERED.**

Dated:  September 4, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4