# EXHIBIT B

Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Terence N. Hawley (SBN 179106)
Email: thawley@reedsmith.com
David J. de Jesus (SBN 197914)
Email: ddejesus@reedsmith.com
Alicia A. Adornato (SBN 254228)
Email: aadornato@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3659
Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Mark T. Flewelling (SBN 96465)
Email: mflewelling@afrct.com
Robert A. Bailey (SBN 214688)
Email: rbailey@afrct.com
Yaw-Jiun (Gene) Wu (SBN 228240)
Email: gwu@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-1900

Attorneys for Defendant
Wells Fargo Bank, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES P. HAGGARTY and GINA M. HAGGARTY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 3:10-cv-02416-CRB<br><br>**DEFENDANT WELL FARGO BANK, N.A.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS**<br><br>Honorable Charles R. Breyer |

**PROPOUNDING PARTY:** Defendant Wells Fargo Bank, N.A.

**RESPONDING PARTY:** Plaintiffs Charles P. Haggarty and Gina M. Haggarty

**SET NUMBER:** One

Pursuant to Federal Rule of Civil Procedure 36 and Northern District Civil Local Rule 36, Defendant Wells Fargo Bank, N.A. ("Defendant"), by and through its attorneys, hereby demands that Plaintiffs Charles Haggarty and Gina Haggarty ("Plaintiffs") respond as required by law to these Request for Admission, within 30 days of the date of service hereof, in writing.

## DEFINITIONS

As used in these Interrogatories, the following definitions shall apply unless otherwise specifically noted.

1. "YOU" and "YOUR", and any variants thereof, means Plaintiffs Charles P. Haggarty and Gina M. Haggarty and their counsel, consultants, advisors, agents, representatives, employees, and all other persons or entities acting on their behalf.

2. "WELLS FARGO" means Defendant Wells Fargo Bank, N.A.

3. "PERSONS" means a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

4. "COFI NOTES" means YOUR promissory notes tied to the 11th District Cost of Funds Index for loan number 0012927554 obtained by YOU on April 17, 2000 for property located at 711 South Grant Street, San Mateo, CA 94402 and loan number 0014865463 obtained by YOU on March 20, 2001 for property located at 1253 Paloma Avenue, Burlingame, CA 94010.

5. WELLS FARGO COFI LOANS means YOUR loans tied to the COFI for property located at 711 South Grant Street, San Mateo, CA 94402 and 1253 Paloma Avenue, Burlingame, CA 94010.

6. "COFI" means the 11th District Cost of Funds Index.

7. "LIBOR" means the London Inter-Bank Offering Rate index.

8. "MTA" means the Monthly Treasury Average Index.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

9. "FEDERAL COF" means the Federal Cost of Funds Index.

10. "FIRST AMENDED COMPLAINT" means and refers to the operative First Amended Complaint filed in this matter in United States District Court Case No. 3:10-cv-02416-CRB.

11. "REPORTING MEMBERS" refers to Reporting Members of the 11th District Federal Home Loan Bank and means savings institutions headquartered in California, Arizona, and Nevada. *See* FIRST AMENDED COMPLAINT ¶ 28.

12. "PUTATIVE CLASS" refers to the putative class as alleged in paragraph 84 of YOUR FIRST AMENDED COMPLAINT.

13. "DOCUMENT" means and includes, without limitation, everything defined as a document or electronically stored information in Federal Rule of Civil Procedure 34(a)(1)(A) and everything constituting a writing or recording under Federal Rule of Evidence 1001(1).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## REQUESTS FOR ADMISSION

**REQUEST NO. 1**:

ADMIT that the categories of information used to calculate the COFI did not change between October, 2009 and November, 2009.

**REQUEST NO. 2**:

ADMIT that the COFI was calculated based on substantially the same category of information for November, 2009 as it was for October, 2009.

**REQUEST NO. 3**:

ADMIT that from April, 2000 to the present, the COFI has always been calculated based on the monthly weighted average cost of savings, borrowings and advances of REPORTING MEMBERS of the Federal Home Loan Bank of San Francisco.

**REQUEST NO. 4:**

ADMIT that the COFI was calculated in substantially the same manner for November, 2009 as it was for October, 2009.

**REQUEST NO. 5:**

ADMIT that the manner in which the COFI was calculated did not change from October 2009 to November 2009.

**REQUEST NO. 6:**

ADMIT that the COFI was not "recalculated" in between October and November of 2009, within the meaning of the term "recalculated" as it is used in Section 3(F) of YOUR COFI NOTES.

**REQUEST NO. 7:**

ADMIT that the COFI was not "substantially recalculated" in November of 2009, within the meaning of the phrase "substantially recalculated" as it is used in Section 3(F) of YOUR COFI NOTES.

**REQUEST NO. 8:**

ADMIT that a month-to-month change in the "Current Index," as that term is defined in Section 3(D) of YOUR COFI NOTES, is not a recalculation of the COFI.

**REQUEST NO. 9:**

ADMIT that in the absence of a change in the manner of calculation of the COFI and/or a change in the category of information used in the calculation, a month-to-month change in the reported value of the COFI does not mean that the COFI has been "recalculated," within the meaning of the term "recalculated" as it is used in Section 3(F) of YOUR COFI NOTES.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REQUEST NO. 10**:

ADMIT that when a savings institution loses its eligibility to be a REPORTING MEMBER, that event does not cause the COFI to be "recalculated," within the meaning of the term "recalculated" as it is used in Section 3(F) of YOUR COFI NOTES.

**REQUEST NO. 11**:

ADMIT that when a savings institution loses its eligibility to be a REPORTING MEMBER, that event does not cause the COFI to thereafter be calculated in a different manner than while that institution was eligible to be a REPORTING MEMBER.

**REQUEST NO. 12**:

ADMIT that when a savings institution loses its eligibility to be a REPORTING MEMBER, that event does not cause the COFI to thereafter be calculated based on a different category of information than while that institution was eligible to be a REPORTING MEMBER.

**REQUEST NO. 13**:

ADMIT that between January of 1991 and the time YOU executed the first of YOUR COFI NOTES in April of 2000, the number of REPORTING MEMBERS had declined by over one hundred (100).

**REQUEST NO. 14**:

ADMIT that, since before April of 2000, the movement of COFI can be affected by a number of factors, including changes in market interest rates, the sources of funds used by the REPORTING MEMBERS, merger and acquisition activities, and changes in accounting rules or regulatory reporting instructions.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REQUEST NO. 15**:

ADMIT that, since before April, 2000, it has been a matter of public knowledge that the movement of COFI does not necessarily correspond to the movement of market interest rates.

**REQUEST NO. 16**:

ADMIT that WELLS FARGO did not owe any duty to YOU to maintain in perpetuity the thrift charter of Wachovia Mortgage FSB.

**REQUEST NO. 17**:

ADMIT that WELLS FARGO did not owe any duty to YOU to maintain in perpetuity the thrift eligibility of Wachovia Mortgage FSB to be a REPORTING MEMBER.

**REQUEST NO. 18**:

ADMIT that WELLS FARGO did not owe any duty to YOU to maintain in perpetuity for Wachovia Mortgage FSB "interest costs [that] were significantly lower than those of other REPORTING MEMBERS." [See FIRST AMENDED COMPLAINT, ¶¶ 36-38, at pp.8:22-9:6].

**REQUEST NO. 19**:

ADMIT that WELLS FARGO did not owe any duty to YOU to maintain in perpetuity for Wachovia Mortgage FSB the same volume of total borrowings that Wachovia Mortgage FSB held in October, 2009. [See FIRST AMENDED COMPLAINT, ¶¶ 36-38, at pp.8:22-9:6].

**REQUEST NO. 20**:

ADMIT that WELLS FARGO did not owe any duty to YOU to maintain in perpetuity for Wachovia Mortgage FSB the same volume of total funds that Wachovia Mortgage FSB held in October, 2009. [See FIRST AMENDED COMPLAINT, ¶¶ 36-38, at pp.8:22-9:6].

<u>**REQUEST NO. 21**</u>:

ADMIT that WELLS FARGO did not owe any duty to YOU to maintain in perpetuity for Wachovia Mortgage FSB the same mix of savings, borrowings and advances from the Federal Home Loan Bank of San Francisco that Wachovia Mortgage FSB held in October, 2009.

<u>**REQUEST NO. 22**</u>:

ADMIT that the historical behavior of the FEDERAL COF has been highly correlated to the historical behavior of the COFI.

<u>**REQUEST NO. 22**</u>:

ADMIT that the COFI is a lagging market index.

<u>**REQUEST NO. 23**</u>:

ADMIT that the FEDERAL COF is a lagging market index.

<u>**REQUEST NO. 24**</u>:

ADMIT that the MTA is less of a lagging market index than the FEDERAL COF.

<u>**REQUEST NO. 25**</u>:

ADMIT that the LIBOR is not a lagging market index.

<u>**REQUEST NO. 26**</u>:

ADMIT that a hypothetical blend of the MTA, LIBOR and the FEDERAL COF is not appropriate for calculating damages for the PUTATIVE CLASS in this action.

<u>**REQUEST NO. 27**</u>:

ADMIT that the COFI was not "recalculated" between September and October of 2008, within the meaning of the term "recalculated" as it is used in Section 3(F) of YOUR COFI NOTES.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**REQUEST NO. 28**:

ADMIT that the COFI was not "recalculated" between February and March of 2010, within the meaning of the term "recalculated" as it is used in Section 3(F) of YOUR COFI NOTES.

DATED: July 3, 2012

REED SMITH LLP

By ______________________
Terence N. Hawley
Attorneys for Defendant Wells Fargo Bank, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 101 Second Street, Suite 1800, San Francisco, CA 94105-3659. On July 3, 2012, I served the following document(s) by the method indicated below:

**DEFENDANT WELLS FARGO BANK, N.A.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFFS**

☒ by transmitting via email to the parties at the email addresses listed below:

RICHARD D. MCCUNE
Email: rdm@mccunewright.com
DAVID C. WRIGHT
Email: dcw@mccunewright.com
JAE (EDDIE) K. KIM
Email: jkk@mccunewright.com
MCCUNEWRIGHT LLP
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275A
*Attorneys for Plaintiffs*

MITCHELL M. BREIT*
Email: mbreit@hanlyconroy.com
ANDREA BIERSTEIN*
Email: abierstein@hanlyconroy.com
JAYNE CONROY*
Email: jconroy@hanlyconroy.com
HANLY CONROY BIERSTEIN
SHERIDAN FISHER & HAYES LLP
112 Madison Avenue
New York, New York 10016-7416
Telephone: (212) 784-6400
Facsimile: (212) 213-5949
*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice

DEREK Y. BRANDT*
Email: dbrandt@simmonsfrrm.com
ANNA KOHUT
Email: akohut@simmonsfirm.com
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
One Court Street
Alton, Illinois 62002
Telephone: (618) 259-2222
Facsimile: (618) 259-2251
*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 3, 2012, at San Francisco, California.

Karen Ellis
Karen Ellis

US_ACTIVE-109904217.1-KELLIS

REED SMITH LLP
A limited liability partnership formed in the State of Delaware