IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES P. HAGGARTY and GINA M. HAGGARTY, on  behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | Case No.: 10-2416 CRB (JSC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES (Dkt. Nos. 125, 133)** |

Now pending before the Court is Defendant's motion to compel more complete discovery responses from Plaintiffs. Defendant alleges that Plaintiffs have failed "to provide complete and straightforward responses" to certain of Defendant's Special Interrogatories and Requests for Admission and Production. (Dkt. No. 125.) At the Court's request, Defendant submitted Plaintiffs' disputed responses for the Court's review. (Dkt. No. 133.) After careful consideration, the Court grants in part and denies in part Defendant's motion as outlined below.

## BACKGROUND

This case arises out of Plaintiffs' allegation that Defendant violated the implied covenant of good faith and fair dealing and California's Unfair Competition Law with regard to

1 the index tied to the interest rate in Plaintiffs' adjustable rate mortgage contracts ("the
2 Notes"). Plaintiffs entered into the Notes with World Savings FSB, which was later renamed
3 Wachovia Mortgage FSB and then acquired by Defendant. A provision in the Notes provides for
4 the possibility of a new index in certain circumstances, including when the existing index is
5 "substantially recalculated." Plaintiffs argue that the 11th District Cost of Funds Index
6 ("COFI")—the contested index tied to the Notes— was substantially recalculated when it
7 increased by 66 percent. The parties disagree as to what constitutes a "substantial
8 recalculation" and whether the change of index provision in the Notes was discretionary or
9 obligatory.

## DISCUSSION

Interrogatories, requests for admission, and requests for production may inquire into any matter permissible under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a); Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 36(a). A party may move to compel disclosure or discovery when responses are evasive or incomplete. Fed. R. Civ. P. 37(a)(4). Defendant objects to the adequacy of Plaintiffs' responses to 1) Special Interrogatories 1-12 and 16-21; 2) Requests for Admissions 3, 13, 14, 15, 24, 25, 27, and 28; and 3) Request for Production 140. (Dkt. No. 125.)

### 1) Special Interrogatories

"An interrogatory response should be complete and not refer to other pleadings or documents." *Gaeta v. Perrigo Pharmaceuticals Co.*, 2007 WL 3343043 *4 (N.D. Cal. Nov. 9, 2007)(internal citation omitted). Subject to any objections, a party must fully answer interrogatories in writing and under oath. Fed. R. Civ. P. 33(b)(3). Objections must be supported: "[a] recitation that the discovery request is overly broad, burdensome, oppressive, and irrelevant is not adequate to voice a successful objection." *Quiroz v. Cate*, 2012 WL 3236490 *4 (N.D. Cal. Aug. 6, 2012)(internal quotation marks and citation omitted). When "the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified." *Fields v. Banuelos*, 2012 WL 2888734 *2 (E.D. Cal. July 13, 2012); *Quiroz*, 2012 WL 3236490 at *5 (stating the same standard). The responding party must answer interrogatories using not only personal knowledge but also

1  "information immediately available to him or under his control." *Jacobs v. Sullivan*, 2012 WL
2  3704741 *5 (E.D. Cal. Aug. 27, 2012).

3  While contention interrogatories are permitted, they "are often overly broad and
4  unduly burdensome when they require a party to state 'every fact' or 'all facts' supporting
5  identified allegations or defenses." *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295
6  *3 (S.D. Cal. June 18, 2009); *Bovarie v. Schwarzenegger*, 2011 WL 719206 *1 (S.D. Cal. Feb. 22,
7  2011)(stating that an interrogatory "seeking every fact that underlies every affirmative
8  defense is unduly burdensome"); *S.E.C. v. Berry*, 2011 WL 2441706 *4 (N.D. Cal. June 15,
9  2011)(noting that contention interrogatories that ask for "each and every fact or application of
10 law to fact . . . may be held overly broad and unduly burdensome")(internal quotation marks
11 and citation omitted).  In responding to interrogatories, "a requirement to state 'all facts' does
12 not require a listing [by the responding party] of trivial or non-material matters." *Kim v. City of
13 Santa Clara*, 2009 WL 4021389 *3 (N.D. Cal Nov. 19, 2009). For additional clarity, courts can
14 also modify the language in "each interrogatory to seek 'the material or principal facts' instead
15 of 'all facts.'" *Mancini*, 2009 WL 1765295 at *3. In reading broad interrogatories, courts also
16 consider the parties' relative access to information: "at least in cases where defendants
17 presumably have access to most of the evidence about their own behavior, it is not at all clear
18 that forcing plaintiffs to answer these kinds of questions, early in the pretrial period, is
19 sufficiently likely to be productive to justify the burden that responding can entail." *Kim*, 2009
20 WL 4021389 at *2 (quoting *In re Convergent Technologies Securities Litigation*, 108 F.R.D.
21 328, 337-338 (N.D. Cal. 1985)).

22 To address Plaintiffs' objections that Defendant's interrogatories are overly broad, the
23 Court rules as a preliminary matter that the terms "all," "any," and "each" used in Defendant's
24 written discovery requests shall be construed as "all material," "any material," and "each
25 material."

26 **A.  Special Interrogatories 1, 3 and 4**
27 These interrogatories ask Plaintiffs about the basis for their contention that the COFI
28 was "substantially recalculated" as that term is used in Section 3(F) of their COFI notes.

1 Plaintiffs' response is straightforward: Defendant's "decision to withdraw the charter of
2 Wachovia Mortgage, FSB, a single determinative event unrelated to the movement of interest
3 rates" increased COFI by 66% and permanently reset it "up to 100 basis points higher than it
4 would have been without this action taken by" Defendant. This response adequately explains
5 Plaintiffs' theory of the case. Accordingly, Defendant's motion to compel further responses is
6 DENIED.

### B. Interrogatory 2

Defendant asks Plaintiffs to describe "every type of event or set of circumstances" that "would cause the COFI to be 'recalculated' as YOU define the term 'recalculated.'" (Dkt. No. 133-4 at 6.) Interrogatory 1 asked Plaintiffs to provide their definition of recalculated. Interrogatory 2 ask Plaintiffs to hypothesize any number of possible recalculations, none of which necessarily have any bearing on the actual event Plaintiffs contend *did* cause COFI to be recalculated. When an interrogatory calls for an opinion, it "must be phrased with particularity" to avoid being an improper hypothetical. *Baker v. Perez*, 2011 WL 4842427 *3 (E.D. Cal. Oct. 12, 2011)(internal citation omitted). Accordingly, Defendant's motion to compel a further response to Interrogatory No. 2 is DENIED as an improper hypothetical.

### C. Interrogatories 5-12

According to Defendant, "Special Interrogatories 1-12 seek basic information regarding Plaintiffs' contentions," and Plaintiffs improperly object that "the interrogatories call for the premature disclosure of expert opinion." (Dkt. No. 125 at 5-6.) Defendant seeks to compel Plaintiffs to "fully answer" these interrogatories and clarify if they "are relying <u>solely</u> on expert opinions." (*Id.* at 6.) Plaintiffs respond that the interrogatories require "positions and commitments that Plaintiffs should not have to make . . . before the case is fully developed." (Dkt. No. 125 at 7-8.) While "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of fact to law," the court can allow a party to wait to answer such an interrogatory "until designated discovery is complete." Fed. R. Civ. P. 33(a)(2). Here, the parties stipulated to the completion of expert disclosures by October 22, 2012. (Dkt. No. 143.) By that time—only six weeks before trial—Plaintiffs should

4

have fully developed their case and thus be able to definitively advise Defendant as to their position on the issues raised by these interrogatories. Accordingly, Plaintiffs shall supplement their answers to Special Interrogatories 5-12 on or before October 22, 2012.

### D. Interrogatories 16-21

Defendant also objects to Plaintiffs' "blanket references to the <u>entire record</u> in the case" in Special Interrogatories 16-21. (Dkt. No. 125 at 6.) Defendant argues that "Wells Fargo cannot discern from this mass of evidence which facts, documents, and witnesses Plaintiffs contend support Plaintiffs' theories." (*Id.*)(emphasis omitted). A party cannot note "that all facts can be found within the entire universe of documents involved in the underlying litigation" to answer an interrogatory since "referring to a wide universe of documents does not specify the records in sufficient detail." *Mancini v. Insurance Corp. of New York*, 2009 WL 1765295 *2 (S.D. Cal. June 18, 2009).

*1. Interrogatories 16 and 17:* Defendant asks Plaintiffs to "state all facts" that support Plaintiffs' allegation that Defendant breached two legal duties. (Dkt. Nos. 133-4 at 14-15.) In both questions, Plaintiffs respond that Defendant "refused to provide an appropriate alternative index pursuant to section 3(f) of the contract." (*Id.*) This answer is responsive; however, Plaintiffs go on to note that they "rely on supporting facts as disclosed in the record in this case." (*Id.*) This reliance is not proper. If Plaintiffs rely on other material facts in addition to lack of index substitution, Plaintiffs shall so state them in a supplement to their responses by September 26, 2012.

*2. Interrogatories 18 and 19:* Defendant asks Plaintiffs to "identify all persons with knowledge of any fact(s)" that support Plaintiffs' allegation that Defendant breached two legal duties. (Dkt. Nos. 133-4 at 15-16.) At this late stage of the litigation, when fact discovery has closed, it is unclear what Defendant hopes to glean from this question. Defendant knows Plaintiffs' theory of the case and Defendant knows which of its employees were involved in the COFI decision. Discovery should not be ordered just for the sake of ordering discovery. Defendant's motion to compel a further response is DENIED.

3. *Interrogatories 20 and 21*: Defendant asks Plaintiffs to "identify all documents that contain or refer to any fact(s)" that support Plaintiffs' allegation that Defendant breached two legal duties. (Dkt. Nos. 133-4 at 17.) In both cases, Plaintiffs respond that they "rely on supporting facts as disclosed in the record in this case, including the parties' document productions, depositions, and other discovery, along with third-party discovery and expert reports and discovery, none of which is complete in this case." (Dkt. No. 133-4 at 17-18.) This reliance is not proper. With the benefit of the close of discovery and the Court's guidance in limiting the scope of this question to only material documents and facts, Plaintiffs shall supplement their responses by September 26, 2012.

### 2) Requests for Admission

Requests for admission cannot be used to solicit "admissions or denials as to legal conclusions." *Martin v. Safeco Ins. Co. of America*, 2012 WL 3070680 *1 (E.D. Cal. July 27, 2102); *see also Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1057 (S.D. Cal. 1999)("Requests for admission cannot be used to compel an admission of a conclusion of law."). Requests are "limited to persons and documents within the responding party's control" as determined by reasonable inquiry, which "does not require the responding party to interview or subpoena records from independent third parties in order to admit or deny a request for admission." *AmeriPride Services, Inc. v. Valley Indus. Services, Inc.*, 2011 WL 1321873 *2 (E.D. Cal. Apr. 1, 2011).

Defendant argues that Plaintiffs' responses to Requests for Admissions 3, 13, 14, 15, 24, 25, 27, and 28 are insufficient. (Dkt. No. 125 at 6.) In particular, Defendant baldly contends that "Plaintiffs responded to several of Wells Fargo's RFAs by asserting they lack knowledge sufficient to provide a response" without meeting their "obligation to perform a reasonable inquiry." (Dkt. No. 125 at 7.) Defendant notes that "[e]vasive denials may be deemed an admission" and that "Plaintiffs' responses are evasive and incomplete, as they claim to lack information on subjects on which they have taken stances in other briefing." (*Id.*) Defendant supports this conclusion by referring "e.g., Dkt. No. 112-1," which is a declaration by Benjamin

6

1   Hartzog, who was retained by Plaintiffs "to provide an expert opinion regarding the impact of
2   Wells Fargo's actions on the Plaintiffs' mortgage loans." (Dkt. No. 112-1 at 2.)
3       The Court disagrees that this expert declaration is a reasonable basis to compel an
4   admission by Plaintiffs, particularly when Defendant declines to provide any explanation as to
5   how this declaration supports its opinion, refer the Court to a page cite within the declaration,
6   or link this declaration with any particular RFA of the nine contested. (Dkt. No. 125 at 7.)
7   Plaintiffs note that this declaration was completed after Plaintiffs submitted their RFA
8   responses. (Dkt. No. 125 at 9.) This fact is not persuasive, however, since Plaintiffs "are under a
9   continuing duty to amend their prior responses to interrogatories, requests for production, or
10  requests for admission if the party learns that the earlier response is in some material respect
11  incomplete or incorrect." *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal.
12  1999).
13      Nonetheless, after a review of the contested RFAs and Plaintiffs' responses, the Court
14  finds them sufficient. The RFAs in question refer to technical questions about the COFI, its
15  calculation, and other market indexes—in each instance, Plaintiffs respond that the request
16  requires information outside of Plaintiffs' control and that "they have made a reasonable
17  inquiry" regarding all information in their control. (Dkt. No. 133-5.) It is not obvious to the
18  Court why Plaintiffs would have information in their personal control about market indexes
19  related to *Defendant's* loan accounts. Other than a reference to a declaration without any
20  explanatory text, Defendant does not support the contention that Plaintiffs are being "evasive"
21  or otherwise dishonest in their RFA responses. Consequently, Defendant's motion to compel
22  additional responses to the indicated RFAs is DENIED.
23      **3) Request for Production No. 140**
24      Defendant's Request for Production 140 asks for "ALL DOCUMENTS identified in YOUR
25  answers to Special Interrogatory Numbers 1-21." (Dkt. No. 133-6 at 5.) Defendant alleges that
26  "Plaintiff did not produce any documents in response to this request, presumably because their
27  Interrogatory responses referenced every document in the litigation." (Dkt. No. 125 at 7.)
28  Defendant requests that when Plaintiffs supplement their interrogatory responses, they

"produce all documents identified" and "list any allegedly protected documents in a privilege log." (*Id.*) Plaintiffs already agreed that they "will produce responsive, non-privileged documents, if any, within their possession, custody, and control that have not already been produced by either party." (Dkt. No. 133-6 at 5.) After Plaintiffs have supplemented their interrogatory responses, if any, in compliance with this Order, Plaintiffs shall, as they already agreed, produce any documents that are responsive and have not already been produced. To the extent relevant documents are privileged, Plaintiffs shall provide Defendant with a privilege log.

**IT IS SO ORDERED.**

Dated: September 18, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE