IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES P. HAGGARTY and GINA M. HAGGARTY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.: 10-2416 CRB (JSC)<br><br>**ORDER RE: PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES (Dkt. Nos. 127, 128, 138)** |

The Court previously received two joint letters from the parties regarding Plaintiffs' allegations that Defendant has not adequately responded to Plaintiffs' discovery requests. (Dkt. Nos. 127, 128.) As the parties had not met and conferred on either matter, the Court ordered them to do so. (Dkt. No. 127.) The parties were unable the resolve the disputes and filed a joint letter with the Court on five outstanding issues. (Dkt. No. 138.) After careful consideration of the arguments provided by both parties, the Court rules as set forth below.

**Issue 1: Failure to Search for and Produce Physical Documents**

Plaintiffs contend that deposition testimony revealed Defendant had not produced certain documents and "seek an agreement that Wells will search, identify and produce, no later than September 21, 2012, all responsive documents from the hard-copy files of the same

1 custodians from whom it obtained electronically-stored information." (Dkt. No. 138 at 3.)
2 Plaintiffs also seek "the name of the custodian whose files were the source of the document"
3 and the opportunity to depose "the custodian of any previously unproduced document that
4 contains materially relevant information." Defendant agrees to conduct the search requested
5 and "to produce any physical documents that are not duplicative of electronic documents
6 already produced." (*Id.*) Defendant requests an October 1 deadline, which the Court finds
7 reasonable. Defendant objects to providing custodian information and subsequent availability
8 for deposition. The Court cannot rule on the relevance of identifying and deposing custodians
9 of hypothetical documents. After Defendant has produced any additional documents to
10 Plaintiffs resulting from their search, the parties are ordered to meet and confer *if* Plaintiffs
11 have good-faith requests based in law and fact about custodian identity and deposition
12 availability related to specific documents. If the parties are unable to reach an agreement, a
13 joint letter may be filed with the Court on or before October 9, 2012.

**Issue 2: Failure to Provide Custodian Information for Produced Documents**

15 "Plaintiffs seek to compel Wells to identify the custodian for each document produced."
16 (Dkt. No. 138 at 4.) Plaintiffs justify this request because "[w]ithout this information, plaintiff
17 believes that the ESI has not been produced as it is 'kept in the usual course of business.'" (*Id.*)
18 Plaintiffs previously noted that this metadata "may be necessary" to lay a proper foundation to
19 admit documents into evidence. (Dkt. No. 127 at 5.) Defendant responds that Plaintiffs did not
20 request this information in a timely fashion, which Plaintiffs do not dispute. (Dkt. Nos. 127,
21 138). Defendant offers to meet and confer with Plaintiffs to address any concerns about
22 document authenticity. (Dkt. No. 138 at 5.)

23 The Court finds Defendant's proposed solution sufficient. Plaintiffs do not connect the
24 unproduced metadata and document authenticity. Since Defendant produced the documents in
25 question and stands behind their authenticity, the Court fails to see how Plaintiffs would be
26 unable to admit the documents into evidence. If Defendant plans to object to such introduction
27 based on a lack of foundation due to unavailable metadata, then Defendant shall produce this
28 metadata. If not, then Plaintiffs' request is DENIED. If concerns linger about document

2

1  authenticity after meeting and conferring with Defendant, then specific concerns with an
2  articulated basis may be brought before the Court on or before October 9, 2012 via joint letter.
3  **Issue 3: Failure to Produce Information Concerning the Federal Home Loan Bank**
4  Plaintiffs claim that Defendant did not provide all responsive documents to Plaintiffs'
5  First RFP No. 24. (Dkt. No. 138 at 5.) Plaintiffs base this assumption on deposition testimony
6  from Heidi Dzieweszynski about a "deal" between Defendant and FHLB and point out that
7  Defendant admitted to "at least one [unproduced] document" on this issue. (*Id.*) Defendant
8  responds that it has searched for responsive documents to no avail and that Ms.
9  Dzieweszynski's deposition testimony referred to oral and not written communications with
10 which she was not directly involved. (*Id.* at 6.) Defendant also notes that the document to
11 which it referred is "not responsive to RFP 24" but nonetheless agrees to produce the
12 document as long as it "be designated as confidential." (*Id.* at 6.) Defendant "has conducted a
13 reasonably diligent search and has not found the Assumption Agreement or any other
14 documents not already produced that are responsive to RFP 24 as interpreted by Wells." (*Id.*)
15 The Court finds that Defendant's explanation of the relevant deposition testimony is
16 satisfactory, and Plaintiffs point to no other evidence to suggest Defendant has not met its
17 discovery obligations with regard to this RFP. Defendant will turn over the November 2009
18 Assumption Agreement as agreed, and Plaintiffs shall keep this document confidential.
19 **Issue 4: Failure to Identify and Produce Database Information**
20 "Plaintiffs seek production of historical database information necessary to show the
21 rate at which class members pre-paid their Adjustable Rate Mortgages ("ARMs") at issue in
22 this case." (Dkt. No. 138 at 6-7.) Defendant "believes that the data produced to Plaintiffs
23 already includes data on loans paid off between January 1, 2010 and June 30, 2012." (*Id.* at 7.)
24 Defendant also agrees to make an employee available to clarify this information as Plaintiffs
25 requested. (*Id.*) Defendant is also "willing to produce the valuation database in the interest of
26 avoiding a further dispute" while preserving objections as to the information's ultimate
27 relevance and admissibility. (*Id.* at 8.) The Court finds these proposals by Defendant to be
28 sufficient and orders them accordingly.

**Issue 5: Failure to Provide Dates for Each Form of Note**

"Plaintiffs seek an agreement that Wells will identify the initial date on which each Note became effective." (Dkt. No. 138 at 9.) Defendant states: "Wells Fargo will agree to update its responses to include note version numbers for each loan in the putative class, which will resolve this dispute." (*Id.*) The Court finds Defendant's proposal satisfactory as long as the note version numbers allow Plaintiffs to determine the date the respective Note went into effect. The Court agrees with Plaintiffs that these dates are relevant.

**IT IS SO ORDERED.**

Dated: September 18, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE